[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Carol Goldberg, was ineffective in assisting him in that she (1) failed to investigate the charges; (2) failed to interview witnesses; (3) negotiated a plea bargain without consulting him; and (4) refused to allow him to go to trial.
The petitioner called two witnesses, himself and his criminal trial attorney, and offered transcripts of his plea and sentencing as Petitioner's exhibits 1 and 2.
The petitioner claimed that in January, 1993 as he was CT Page 13504 preparing for trial on three (3) separate informations involved in three (3) separate events his attorney brought him a plea bargain for a total effective sentence of fifteen (15) years which was to be made concurrent with the six (6) year sentence he was then serving. He claimed that all the charges were to be reduced to the second degree and that the robbery charge and the Reckless Endangerment charge were not but remained in the first degree. He was unaware that he was going to be sentenced to fifteen (15) years on the robbery charge which he stated he did not commit and had his grandmother, Dorothy Hanks, and his son's mother Tracy Lylles as alibi witnesses. Because his attorney failed to interview these alibi witnesses and forced him to believe he would lose the case, he was forced to go to plea. He feels that he is now prejudiced by the classification of Robbery in the first degree being a violent crime for which the statute requires the service of 85% of the sentence. He acknowledged that he did commit the underlying acts of the other two informations and that he was aware that the total possible sentence for all the offenses in the three informations was forty-six (46) years.
The robbery information arose from an incident on February 24, 1992 when a woman was compelled by words or conduct of possession of a firearm to give up her purse containing money, credit cards and personal papers. The other two events occurred on April 10, 1992 one hour apart, the first of reckless endangerment when he was running after the victim firing shots at him from a firearm and the second, the assault charges, when he shot three (3) victims by means of a firearm. Each had an additional charge of carrying a pistol without a permit. See Petitioner's Exhibit 1.
Attorney Goldberg testified that when she represented the petitioner he first claimed that he had been over his grandmother's home at the time of the robbery but when she interviewed Dorothy Hanks she was told that the grandmother loved him but could not be his alibi. When she related that to the petitioner he suggested talking to the mother of his son, Tracy Lylles. She did call her on the phone and she could not be his alibi. When the cases were close to trial she ascertained that the victim of the robbery not only had picked out the petitioner's photograph but had seen him in the community several times. His son's mother with whom the petitioner would stay periodically lived within two blocks of the victim. It was when the victim came to court prepared to testify that she then told the petitioner to take the packaged plea bargain or face a CT Page 13505 lengthy incarceration. She testified that he made a counter offer of eight (8) years which was unacceptable. He then accepted the plea bargain. There was no discussion as to the amount of time for each count but only the total effective sentence of fifteen (15) years and no discussion about which offenses might become classified as violent crime requiring the 85% rule which wasn't legislated until a later date.
Because the petitioner was determined by the court as not a credible witness, the court could not even rely on his testimony that he had asked his father to bring Tracy Lylles to court for this hearing. He has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v.Meachum, 211 Conn. 352, 359. Considering the violence conducted in the three separate events, she did a remarkable accomplishment in limiting his total effective sentence to fifteen (15) years. There is no reasonable probability, weighing the evidence presented here, that the result of the criminal proceedings would be more favorable to the petitioner. Therefore the petitioner has failed to carry his burden of proof. Copas v. Commissioner,234 Conn. 139 (1995); Strickland v. Washington, 466 U.S. 668, 694.
For the above reasons this petition is denied.
Thomas H. Corrigan Judge Trial Referee